CC-98-165                                                        1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| JOE LEBRON LUGO Y OTROS<br><br>    Recurridos<br><br>    V.<br><br>EL COMANDANTE OPERATING CO.,<br>INC. Y OTROS<br><br><br>    Peticionarios | Certiorari<br><br>99TSPR74 |

Número del Caso: CC-98-165

Abogados de la Parte Peticionaria: Lic. Angel Córdova Campos
(Bufete Córdova & Díaz)

Abogados de la Parte Recurrida: Lic. Aníbal Lugo
(Bufete Lugo Irizarry)

Abogados de la Parte Interventora:

Tribunal de Primera Instancia: Sala Superior de Carolina

Juez del Tribunal de Primera Instancia: Hon. María Del Carmen Martínez
Lugo

Tribunal de Circuito de Apelaciones: VII, Carolina, Fajardo

Juez Ponente: Hon. Salas Soler

Panel integrado por:  Pres. Juez Arbona Lago y los Jueces Negroni
Cintrón y Salas Soler

Fecha: 5/14/1999

Materia:


        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

rón Lugo y otros

    Recurridos

       v.                  CC-98-165

ndante Operating Co.,
 otros

    Peticionarios

PER CURIAM

San Juan, Puerto Rico, a 14 de mayo de 1999

I

El 17 de abril de 1997, el Sr. Joe Lebrón Lugo, su esposa y la sociedad legal de gananciales, por ambos compuesta (en adelante recurridos) presentaron en el Tribunal de Primera Instancia, Sala Superior de Carolina, una acción sobre incumplimiento de contrato y daños contra El Comandante Operating Co., Inc., el Administrador Hípico y sus aseguradoras (en adelante peticionarios). En dicha acción se alegó que el señor Lebrón Lugo

fue designado agente hípico y como tal, fue autorizado a operar una agencia hípica.[1] Se adujo que, a pesar de que éste incurrió en gastos de alquiler y habilitación de un local, **nunca le fue instalado el equipo electrónico necesario para poder operar la agencia.** Los recurridos sostuvieron que lo anterior constituyó un incumplimiento de la **alegada** relación contractual entre las partes. En consecuencia, reclamaron varias partidas por concepto de daños, entre éstos, gastos de alquiler y habilitación de un local, pérdida de ganancias, daños morales y angustias mentales.

Los peticionarios contestaron la acción y negaron la existencia de una relación contractual entre las partes. Posteriormente, presentaron una moción de desestimación mediante la cual sostuvieron que, al estar los hechos alegados en la demanda relacionados directamente con la operación de una agencia hípica, le correspondía a la Administración de la Industria y el Deporte Hípico, en virtud de su pericia o "expertise" en la materia, dilucidar en primera instancia, la controversia presentada. Los recurridos replicaron tenazmente a lo expuesto por los peticionarios.

El tribunal de instancia (Hon. María Del Carmen Martínez Lugo), se negó a desestimar la acción por entender que la controversia era un asunto de derecho que le correspondía dilucidar exclusivamente al foro judicial.

Así las cosas, el 9 de enero de 1998 los peticionarios presentaron un recurso de certiorari ante el Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Allí alegaron que el foro de instancia incidió al determinar que la controversia planteada era una estrictamente de derecho que no requería la intervención de la agencia. Junto al recurso presentaron una moción mediante la cual solicitaron la suspensión de los

---

[1] El Art. 3, inciso (3) de la Ley de la Industria y el Deporte Hípico de Puerto Rico, Ley Núm. 83 de 2 de julio de 1987, 15 L.P.R.A. sec. 198b(3) define el término "Agente hípico" como la persona designada por la empresa operadora y autorizada por el Administrador Hípico para recibir oficialmente las apuestas autorizadas por las secs. 198 a 198s del Título 15 y por los reglamentos que adopte la Junta Hípica.

procedimientos ante el tribunal de instancia, hasta tanto no se dilucidara la petición interpuesta.

El 15 de enero de 1998, el Tribunal de Circuito confirmó la determinación del foro de instancia y por consiguiente declaró no ha lugar, tanto la moción de paralización de los procedimientos como la solicitud de certiorari.

Denegada la reconsideración, los peticionarios acudieron ante nos con los siguientes señalamientos de error:

> Erró el Tribunal de Circuito de Apelaciones al declarar No Ha Lugar la Petición de Certiorari radicada por [los peticionarios] siendo contraria a derecho la Orden del Tribunal de Instancia, lo que dá base al Tribunal a expedir el auto solicitado.

> Erró el Tribunal de Circuito de Apelaciones al sostener la Orden del Tribunal de Instancia declarando No Ha lugar la Moción de Desestimación radicada por [los peticionarios] y determinar que los hechos alegados en la demanda no constituyen actividad hípica por lo que no procedía agotar remedios administrativos.

Examinado el recurso de los peticionarios, le ordenamos a los recurridos mostrar causa por la cual no debíamos revisar la determinación del Tribunal de Circuito de Apelaciones.  Éstos han comparecido, por lo que procedemos a resolver sin ulteriores trámites.

II

A través de los señalamientos de error, la parte peticionaria aduce que incidió el Tribunal de Circuito al confirmar la orden del tribunal de instancia, mediante la cual determinó que la parte recurrida tenía ante sí una controversia contractual, es decir, un asunto de derecho que correspondía dilucidar exclusivamente al foro judicial.  En apoyo de su contención reitera que el objeto de la presente acción trata de un asunto relacionado con la Ley Hípica, que corresponde al Administrador Hípico

dilucidar en primera instancia la controversia y delimitar responsabilidades. Le asiste la razón.

En síntesis, debemos decidir si el Tribunal de Circuito debió revocar la determinación del foro de instancia y referir la controversia suscitada en el caso de autos al foro administrativo.

El asunto que hoy nos ocupa debe ser examinado dentro del amplio marco del desarrollo del derecho administrativo y de las vertientes adoptadas en la administración de la justicia. Hernández Denton v. Quiñones Desdier, 102 D.P.R. 218, 220 (1974).

Bajo nuestro ordenamiento jurídico, es constitucionalmente válida la delegación de poder adjudicativo a una agencia administrativa. López Vives v. Policía de P.R., 118 D.P.R. 219, 230 (1987).

No debemos perder de perspectiva que, como parte esencial de las reformas a los sistemas de justicia, se le permitió a las agencias administrativas decidir controversias mediante la aplicación de las normas de derecho vigente a los hechos específicos del caso. Hernández Denton v. Quiñones Desdier, supra, pág. 223.

Además, al interpretar el alcance de los poderes delegados a la agencia administrativa, no debemos limitar el análisis a una interpretación restrictiva del estatuto habilitador.

Con estos preceptos en mente, exponemos nuestro análisis.

## III

La Administración de la Industria y el Deporte Hípico (en adelante la Administración), fue creada con el propósito de regular **todo lo relacionado con la industria y el deporte hípico en Puerto Rico**. Art. 2 de la Ley de la Industria y el Deporte Hípico de Puerto Rico, Ley Núm. 83 de 2 de julio de 1987, 15 L.P.R.A. sec. 198a. En virtud de tal propósito, se le concedió amplios poderes para, a través de su Junta Hípica,[2] fomentar, reglamentar y

---

[2] La Junta Hípica es el organismo facultado para reglamentar todo lo relacionado al deporte hípico. Art. 6 de la Ley de la Industria y el Deporte Hípico de Puerto Rico, supra, 15 L.P.R.A. sec. 198e.

fiscalizar la programación de todas las actividades relacionada con dicho deporte.  Así, por ejemplo, la Junta Hípica:

Reglamenta, fomenta y supervisa todas las actividades relacionadas con las carreras de caballo que se celebren en Puerto Rico.

Entiende y resuelve las peticiones de revisión de las decisiones emitidas por cualquier funcionario de la industria hípica en el ejercicio de los deberes y poderes conferidos por la Ley Hípica.

Interpone, dentro de la facultad conferida, aquellos remedios legales que entienda necesarios para hacer efectivos los propósitos de la Ley Hípica y hacer que se cumplan las reglas , reglamentos, órdenes, resoluciones y determinaciones de la Administración.  Véase, Art. 6 de la Ley de la Industria y el Deporte Hípico de Puerto Rico, supra, 15 L.P.R.A. sec. 198e.

La Ley además confiere a la Junta Hípica jurisdicción primaria para revisar cualesquiera órdenes, decisiones, suspensiones o multas impuestas por el Administrador Hípico o cualquier funcionario autorizado.  Art. 14 de la Ley de la Industria y el Deporte Hípico de Puerto Rico, supra, 15 L.P.R.A. sec. 198m.

En cuanto al Administrador Hípico, la ley lo describe como funcionario ejecutivo y director administrativo de toda la actividad hípica en Puerto Rico.  Entre sus facultades se encuentran:

Otorgar, suspender temporeramente o cancelar permanentemente las licencias de dueños de caballos, jinetes, entrenadores, mozos de cuadra, **agentes hípicos** o cualquier otro tipo de licencia, o permiso en relación con la actividad hípica, con excepción de las licencias de los hipódromos.

El Administrador Hípico, cuando lo estime conveniente, puede delegar en un oficial examinador, quien deberá ser abogado licenciado, para que reciba prueba en relación con **cualquier asunto** o querella presentada al Administrador.  Véase, Art.12, supra, 15 L.P.R.A. sec. 198k.

Finalmente, el agente hípico es la persona designada por la Empresa Operadora y **<u>autorizada por el Administrador</u>**, mediante la otorgación de una licencia, para recibir oficialmente las apuestas autorizadas en el deporte

hípico por esta ley y por los reglamentos que adopte la Junta Hípica. Sec. I del Reglamento Hípico, supra. Véase, además, nota al calce núm. 1.

Conforme se desprende del Reglamento Hípico, la Empresa Operadora es el organismo llamado a suplir a los agentes hípicos los impresos y el equipo necesario para procesar las apuestas en sus agencias. Véase, los incisos 302 y 307 de la Sec. III, del Reglamento Hípico, supra. Tales secciones disponen, además, que en caso de que la Empresa Operadora se niegue a suplir los materiales necesarios para que el agente hípico pueda llevar a cabo las apuestas, el Administrador celebrará una vista administrativa para dilucidar el asunto.

Cabe señalar que los reglamentos que promulga la Junta en virtud de la facultad conferida, tienen fuerza de ley una vez son aprobados por el Gobernador de Puerto Rico y radicados en el Departamento de Estado. Véase, Preámbulo del Reglamento Hípico aprobado el 29 de enero de 1990.

A la luz del poder que le concede la Ley de la Industria y el Deporte Hípico de Puerto Rico, supra, le corresponde a la Administración entender y resolver controversias como la de autos. **La intervención de los tribunales debe limitarse a revisar las decisiones del organismo especializado que reglamenta el deporte.**

Como hemos podido observar, de la Ley Orgánica surge que la Asamblea legislativa creó una Junta Hípica con amplios poderes para promocionar, reglamentar y fiscalizar el deporte de las carreras de caballo en Puerto Rico. Más aún, el Art. 12 de la Ley de la Industria y el Deporte facultó al Administrador Hípico para entender, en primera instancia, en cualquier asunto relacionado al deporte hípico. **En particular, y como hemos visto en las disposiciones reglamentarias, en asuntos relacionados con los equipos y materiales para procesar las apuestas en una agencia hípica.** Todo el ordenamiento deportivo requiere unos mecanismos adjudicativos especializados que resuelvan rápidamente las múltiples controversias técnicas que surgen en sus actividades. Tanto el Tribunal de Circuito, como el foro de instancia ignoraron estos preceptos inherentes al deporte hípico, lo cual tiene el resultado de debilitar una agencia especializada

que hasta ahora ha tenido la responsabilidad primaria de fiscalizar todo lo relacionado a dicho deporte.

En virtud de su pericia y "expertise", el Administrador es el funcionario llamado, en primera instancia, para indagar sobre la actuación de la Empresa Operadora al no instalarle los equipos para operar una agencia hípica a una persona que ya había designado como agente hípico.

A tenor con los fundamentos antes expuestos, revocamos la determinación del Tribunal de Circuito de Apelaciones, que a su vez confirmó la determinación del tribunal de instancia.  Se remite el asunto a la Administración de la Industria y el Deporte Hípico de Puerto Rico, agencia con jurisdicción primaria, para dilucidar la controversia suscitada en el caso de autos.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Joe Lebrón Lugo y otros

    Recurridos

       v.                              CC-98-165

El Comandante Operating Co.,
Inc. y otros

    Peticionarios




SENTENCIA



San Juan, Puerto Rico, a 14 de mayo de 1999


    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, revocamos la determinación del Tribunal de Circuito de Apelaciones, que a su vez confirmó la determinación del tribunal de instancia. Se remite el asunto a la Administración de la Industria y el Deporte Hípico de Puerto Rico, agencia con jurisdicción primaria, para dilucidar la controversia suscitada en el caso de autos.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri disintió sin opinión escrita.



                    Isabel Llompart Zeno
              Secretaria del Tribunal Supremo